IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JULIUS TIMOTHY DAWSON | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv156 |
| CHARLES ROWRY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Julius Timothy Dawson, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, against Bryan Collier, the executive director of the Texas Department of Criminal Justice, and Charles Rowry, a chaplain. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The defendants have filed a partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Factual Allegations

Plaintiff states he is a devout Muslim of the Hanfi School of Thought and is required to eat Halal meals in accordance with the Qur'an and the Sunnah of the Holy Prophet Muhammad. A proper Halal diet is one in which the animals are fed, raised, and slaughtered according to Islamic dietary laws. Plaintiff states that lawful meats are those in which the animals are not injected with chemicals, such as gelatin, and are fed grains without hormones or other chemicals.

Plaintiff alleges that when he was incarcerated at the LeBlanc Unit, kosher, vegetarian, and pork-free meals were offered as an alternative for Jewish and Muslim inmates. He asserts a pork-free vegetarian diet is sinful and violates his religious practice. Plaintiff states the kosher and pork-free vegetarian meals violate his religious practices because those meals come into contact with pork products or are cooked in pork fat or grease.

The Motion to Dismiss

Initially, the defendants assert that to the extent they are sued for damages in their official capacities, they are entitled to Eleventh Amendment immunity. They also state RLUIPA does not authorize claims for damages, but only injunctive relief.

To the extent they are sued in their individual capacities, the defendants assert the defense of qualified immunity. They also state they may not be sued in their individual capacities under RLUIPA. Finally, the defendants contend plaintiff has failed to state an actionable claim under either the First Amendment or the Equal Protection Clause.

Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 654 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Eleventh Amendment*

"The Eleventh Amendment prohibits a private citizen from bringing suit in federal court unless the state consents." *Daigle v. Gulf States Utilities Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state officials in their official capacites are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the defendants are entitled to immunity under the Eleventh Amendment for claims for damages against them in their official capacities. This court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Claims for Damages under RLUIPA*

Sovereign immunity bars a plaintiff who brings a lawsuit under RLUIPA from receiving money damages. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011); *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011). RLUIPA only permits claims for prospective injunctive relief. *Sossamon*, 563 U.S. at 286. As a result, any claim for damages under RLUIPA should be dismissed.

*Individual Capacity Claims*

As the defendants state, RLUIPA does not create a cause of action for claims against officials in their individual capacities. *DeMoss*, 636 F.3d at 151. As a result, claims under RLUIPA against the Defendants in their individual capacities fail to state a claim upon which relief may be granted.

*Qualified Immunity*

As stated above, to the extent they are sued in their individual capacities under Section 1983, the defendants assert the defense of qualified immunity. The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct coes not violate clearly established statutory rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the

plaintiff bearing the burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

*Religion Claim under the First Amendment*

The constitutional protections given inmates under the Free Exercise Clause of the First Amendment are limited by the reality of incarceration and the conflict posed by legitimate penological objectives. *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974). Prison policies that impinge on fundamental rights, such as those granted by the Free Exercise Clause, are reviewed under the standard set forth in *Turner v. Safely*, 482 U.S. 78 (1987). A prison regulation that infringes on an inmate's constitutional right is valid if it is reasonably related to legitimate penological interests. *Id*.

The United States Court of Appeals for the Fifth Circuit has held that the Free Exercise Clause does not require prison officials to provide an inmate with a special diet consistent with his religious beliefs. *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007); *Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218, 1221 (5th Cir. 1987). As a result, plaintiff's religion claim fails to state a constitutional violation under the First Amendment. The defendants are therefore entitled to have this claim dismissed based on qualified immunity.

*Equal Protection Claim*

In order to demonstrate a violation of the Equal Protection Clause, a plaintiff must demonstrate that he was treated differently from other similarly-situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Preister v. Lowdnes County*, 354 F.3d

414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Plaintiff asserts he is similarly situated to Jewish inmates who are receiving food they deem appropriate. However, his allegations do not show or suggest that the disparate treatment was the result of a discriminatory intent. Such allegations are needed to satisfy the elements of a claim under the Equal Protection Clause. *Lowery v. Gonzales*, No. 23-10366, 2023 WL 8449215 at *1 (5th Cir. Dec. 6, 2023). As a result, plaintiff's allegations regarding being denied equal protection fail to establish a constitutional violation. The claim should therefore be dismissed based on qualified immunity.

## Recommendation

The motion for partial dismissal (doc. no. 10) should be granted.

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 16th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge