IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JULIUS TIMOTHY DAWSON | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv156 |
| CHARLES ROWRY, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Julius Timothy Dawson, proceeding *pro se*, filed the above-styled lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") against Charles Rowry and Bryan Collier. The Court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by the defendants be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The remaining claim in this matter is a claim for injunctive relief under RLUIPA. Plaintiff seeks a court order either providing him with funds to purchase Halal meals or transferring him to the Stringfellow Unit where Halal meals are provided. The defendants submitted a declaration from David Driskell, the Director III of laundry, food and supply, stating that plaintiff has been transferred to the Stringfellow Unit. Based on Mr. Driskell's declaration, the Magistrate Judge concluded this case was moot and should be dismissed.

In his objections, plaintiff asserts the court has federal question jurisdiction to consider his case and that he has demonstrated he has standing. Plaintiff further states that since he has been transferred to the Stringfellow Unit, he has been subjected to harassment from the Jewish

community.

Plaintiff correctly states the Court has federal question jurisdiction over this matter. Further, at the time he filed this case plaintiff had standing to pursue his claim. However, as plaintiff has received the relief sought, a transfer to the Stringfellow Unit, the Magistrate Judge correctly concluded his claim was moot. Moreover, plaintiff's complaints about his treatment at the Stringfellow Unit, which is located in Brazoria County, outside the territorial jurisdiction of this Court, should be pursued in a separate lawsuit.

Finally, plaintiff objects that his claim is not moot because he could be transferred from the Stringfellow Unit in the future. However, any speculation that plaintiff may be subsequently transferred from the Stringfellow Unit is too speculative to warrant relief. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

<u>ORDER</u>

Accordingly, plaintiff's objections [Dkt. 35] are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge [Dkt. 29] is ACCEPTED. The motion to dismiss [Dkt. 27] is GRANTED. A final judgment shall be entered dismissing this lawsuit.

**SIGNED this 7th day of April, 2026.**

_____
Michael J. Truncale
United States District Judge